DAVID A. LAYMAN v. E. W. BROWN, ET AL.

The notarial protest of a promissory note is *prima facie* evidence of all the facts to which the officer has certified.

SPECIAL TERM.—Motion to set aside a verdict rendered for plaintiff.

The facts sufficiently appear in the decision.

*W. T. Forrest*, and *Tilden, Rairden & Curwen*, for plaintiff.

*Thos. J. Gallagher* and *A. S. Sullivan*, for defendants.

STORER, J. The plaintiff's action is upon a promissory note for four thousand dollars, made by Brown, and indorsed by Hueston & Hunter, all of whom are sued. The answer of Brown alleges that the note was obtained under a false statement of facts; that the consideration was not such as the party giving it contracted for, and that, in "good conscience," there ought not to be a recovery.

Much testimony was submitted to the jury by the several parties, to sustain their allegations, and, after a full hearing, a verdict has been rendered for the plaintiff.

A new trial is now asked, on the ground that there was no legal evidence adduced to charge the indorsers.

It appears that the note sued on was protested at maturity by a notary, who has stated in the body of the protest that the payment was demanded of the maker, according to the terms of the contract, on the day it became due, and on the same day the indorsers were notified of the demand, as well as the refusal to pay.

The only evidence offered to charge the indorsers, it is evident, was the protest, properly certified by the notary under his official seal; and the question now arises, was this testimony properly admitted to be read to the jury, or sufficient, if proper, to sustain the plaintiff's claim against the indorsers?

By section 7 of the law of 1852, "providing for the appointment of notaries public, and prescribing their duties," Swan 578, it is declared "that the instrument of protest of any notary public appointed and qualified under the laws of this State, or the laws of any other State or Territory of the United States, accompanying any bill of exchange, or promissory note, which has been protested by such notary for non-acceptance, or non-payment, shall be held and received in all the courts of this State as *prima facie* evidence of the facts therein certified; provided, that any party may contradict by other evidence any such certificate."

The object of this provision, undoubtedly, was to make the officer's certificate of all his official acts, performed at the time of the protest, evidence in any action upon the bill or note protested. Prior to the statute, the act of a notary in the presentment of a note, and giving notice to the indorser, was of no more validity than that of a private person. It was subject to the same rule of construction, and must have been proved in the same manner. The rule was so strictly applied, that the notarial fee could not be charged against the debtor; and although the practice prevailed in all the commercial cities of the Union to employ a notary to present dishonored notes, and to notify the indorsers, if payment should be refused, it was never decreed that the practice changed the general rule of law—it was simply an arrangement made for the convenience of the holder, and principally resorted to when the note was held by a bank, by which, in effect, the notary was substituted for an agent of the holder. Such was the law, as held by the courts of all the States, as well as those of England. The admission of the protest as testimony was confined solely to bills of exchange, and then merely to entitle the holder to recover damages. And yet, in Scotland, as well as in all continental Europe, there was no distinction made between bills and notes—the act of the notary was held to be good evidence of the facts necessary to be proved in both cases. Story on Prom. Notes, §§297, 274, 279; 8 Wheaton, 326, 331, *Nicholls* v. *Webb.*

In actions upon bills of exchange, however, there never was a doubt as to the admission of the protest; these instruments were always regarded as veritable documents which proved themselves. Story on Bills, §277; 2 Peters, 178, *Townsley* v. *Sumrall;* 10 Peters, 580, *Dickins* v. *Beal;* 2 Sandford S. C. 169, *De Wolf* v. *Murray.* It was thus the law stood, when the statute we have already referred to was passed, and it must be inferred that the legislature intended to extend the rule, already applicable to bills, to promissory notes also. We can not hesitate so to understand the language of section 7, and must hold that there was not only competent legal evidence, but sufficient evidence, also, before the jury to charge the indorser.

This is the construction of the Supreme Court of Pennsylvania upon a similar statute, as we find in 6 Serg. and Rawle, 484, *Browne* v. *Philadelphia Bank.* So, also, in the Supreme Court of Maine, 10 Shepley, 287, *Jarvis* v. *St. Croix Man. Co.;* and in Tennessee, 7 Yerger, 483, *Smith* v. *McManus;* and the same rule is adopted in England, by stat. 15 and 16, Vic. Ch. 86. If there was no evidence in the case, the pleadings, in our opinion, did not require any to have been offered to establish the demand, or notice. The petition alleges the proper demand to have been made, and that notice of non-payment was given to the indorser. The answer should have denied these allegations, generally or specially, before the plaintiff was required to prove them. If the defendants select one averment, and deny it alone. they admit all other legal averments; and if a defense is set up, which, if sustained, will discharge the liability, in whole or in part, and there is no other traverse, the making of the contract, and its breach also, are admitted. The object of our code of practice is to bring all the questions to be litigated within as narrow a compass as may be consistent with the proper and safe adjudication of the rights of the parties. The case made out in the petition must be traversed or admitted. If wholly traversed, the issue is made up, and the mode of proceeding is afterward plain. If denied in part,

and admitted as to the residue, the answer must set forth, fully and clearly, the facts.  If the allegations in the petition are admitted, but a counterclaim, by way of set-off, recoupment, fraudulent representation, or warranty, is relied on, the elements of each of these causes must be embodied in the answer, in so distinct a manner that if the plaintiff replies, an issue can be made up, and the case not only understandingly determined, but if erroneously directed, a supervisory tribunal may know from the record what the litigation really was.

Here there is no denial, in the answer, of the facts necessary to charge the indorser that are alleged in the petition; he (the indorser) seems to have relied only upon the defense set up by the maker of the note, and left the court, therefore, to infer, and the jury also, that if this defense should fail, he had none himself.

This construction of section 92 of the code dispenses with the necessity of any proof to establish the liability of the indorser.

On the whole case, we are satisfied with the verdict.  We overrule the motion, and order judgment to be entered.

Judgment on verdict.